## TEMPLE BERGAN *v.* MARY GARNETT.

**Actions—Revivor—Appearance—Waiver.**

> The filing of the answer by appellant must be regarded as entering his appearance to the rule and the voluntary submission of the cause was a waiver upon his part of the right to question the propriety of the proposed revivor. Both parties proceeded as though the order of revivor had been formally made, and the appellant in effect consented that it should be made.

### APPEAL FROM MERCER CIRCUIT COURT.

#### February 22, 1873.

OPINION BY JUDGE LINDSAY:

The proof shows that John Woods and wife were in the actual possession of the land (devised to the wife, by her father) during coverture, and that they had issue born alive.

John Woods lived till 1846, and held said land up to that time as tenant by the courtesy.

Mary Garnett, the mother of Geo. C. Garnett, died before her father John Woods, and hence she was never entitled to the possession of her interest in said land.

In 1846 when John Woods died and when the right to the possession first vested in George C. Garnett, he was an infant about six years of age. He reached his majority in 1860 or 1861, and then, for the first time, the statute of limitation began to run against him.

He instituted this action on the 27th day of May, 1867, within less than fifteen years after the right of action accrued to him.

Section 570 of the Civil Code of Practice provides that "An order to revive an action in the names of the representatives or successors of the plaintiff shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made."

On the 27th of May, 1870, the death of the plaintiff, Geo. C. Garnett, was suggested. On the 18th of May, 1871, a rule was awarded against appellant to show cause why the action should not be revived in the name Mary Garnett, sole devisee of George Garnett, deceased.

Nine days thereafter, May 27th, appellant filed an answer, and the cause was argued and submitted, for judgment without objection. On the 1st of June, judgment was entered; on the 3d of June, the court set aside this judgment and reopened the question as to revivor.

In this the court erred, when appellant filed his answer on the 18th of May, he must be regarded as entering his appearance to the rule and the voluntary submission of the cause was a waiver upon his part of the right to question the propriety of the proposed revivor. Both parties proceeded as though the order of revivor had been formally made, and appellant in effect consented that it should be made.

The will of Geo. C. Garnett, deceased, was properly certified to the court of Mercer county for probate. Sec. 18, Chapter 35, Revised Statutes. And as the said will was proved to have been so executed as to be a valid will of lands in this State, the copy was properly admitted to probate. Sec. 31, Chapter 106, Revised Statutes.

Neither Geo. C. Garnett nor his devisee are claiming under and against the will of his grandfather, John Woods, deceased. This testator directed only that his property should be sold. If his execu-

tors, under a mistaken idea of their rights and duties, sold the lands in which he had only an estate for life, George C. Garnett can not be prejudiced by their mistake. The more especially, as he took specific legacies, not derived from the sales directed to be made.

It appears that the grandmother of G. C. Garnett died, leaving ten heirs at law. Mrs. Garnett represents one of these heirs and is, therefore, entitled to one-tenth of the tract of land devised to Harriet Woods by her father, Jake Woods. She is also entitled to one-ninth interest in the one-tenth of said land which descended to Sarah Burch Marshall, one of the children of Mrs. Woods. She died intestate and without issue, after reaching the age of twenty-one years, and after the death of her father, and hence Geo. C. Garnett was one of her heirs at law.

As the judgment seems to conform to the views herein expressed, it is affirmed.

*J. D. Hardin*, for appellant.

*P. B. Thompson*, for appellee.